**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1192
_____

DJOKO SUTJIPTO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-941-249)
Immigration Judge: Honorable Jeffrey L. Romig

_____

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2010

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: July 14, 2010)
_____

OPINION
_____

PER CURIAM

    Petitioner Djoko Sutjipto, proceeding pro se, seeks review of a final order of

removal.  For the reasons that follow, we will deny his petition for review.

I.

Sutjipto, a native and citizen of Indonesia, entered the United States in May 2005 as a non-immigrant visitor. He failed to depart, and in 2007, the Department of Homeland Security ("DHS") commenced removal proceedings. Sutjipto applied for asylum and withholding of removal predicated on his fear of persecution based on his status as a ethnically Chinese Buddhist. Sutjipto acknowledged that he had suffered no past persecution. He did testify, however, that he and his family were present in Indonesia in 1998 during anti-Chinese riots. They were able to remain unharmed by staying inside their home for two weeks. Sutjipto testified that he fears that he will be persecuted by the majority Muslim population if he is returned to Indonesia. He presented the United States Department of State's 2007 Country Report on Human Rights Practices in Indonesia, an expert's affidavit attesting to the risks faced by ethnic Chinese, and a similar affidavit from an official at the International Rescue Committee.

The Immigration Judge ("IJ") found Sutjipto's testimony to be truthful, but denied relief. First, the IJ determined that Sutjipto's asylum application was untimely, and that he had failed to establish eligibility for an exception to the time bar. The IJ also found that Sutjipto had failed to demonstrate any past persecution, and concluded that he did not qualify for withholding of removal as he failed to establish that it was more likely than not that he would be persecuted if returned to Indonesia. The Board of Immigration Appeals ("BIA") agreed with the IJ's conclusions and affirmed. Sutjipto filed a timely petition for review.

II.

We lack jurisdiction under 8 U.S.C. § 1158(a)(3) to review the denial of Sutjipto's

asylum application as untimely. Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir.

2003). In any event, Sutjipto does not contest that finding. We retain jurisdiction to

consider the denial of his application for withholding of removal. See id. "Because the

[BIA] implicitly adopted the findings of the Immigration Judge while discussing the IJ's

conclusions, we review the decisions of both the [BIA] and the IJ." Issiaka v. Att'y Gen.,

569 F.3d 135, 137 (3d Cir. 2009). We review factual findings for substantial evidence,

see Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007), upholding them

"unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en

banc).

III.

Sutjipto does not challenge the IJ's and BIA's finding that he did not establish past

persecution. He argues instead that they erred in finding that he had failed to demonstrate

a likelihood that he will be persecuted if removed to Indonesia. To qualify for

withholding of removal, an alien must establish that it is more likely than not that his "life

or freedom would be threatened in th[e] country [of removal] because of the alien's race,

religion, nationality, membership in a particular social group, or political opinion." 8

U.S.C. § 1231(b)(3)(A); Tarrawally, 338 F.3d at 186. Sutjipto need not show that he had

3

been targeted individually for persecution so long as he "establishes that in [Indonesia] there is a pattern or practice of persecution of a group of persons similarly situated." 8 C.F.R. § 1208.16(b)(2)(i). "[T]o constitute a 'pattern or practice,' the persecution of the group must be 'systemic, pervasive, or organized.'" Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (citations omitted).

We agree with the IJ and BIA that Sutjipto failed to meet his burden of proof that he is eligible for withholding of removal. We have previously rejected similar claims from ethnically Chinese Christians in Indonesia, relying in part on Country Reports for Indonesia for 2003 and 2004. See Wong v. Att'y Gen., 539 F.3d 225, 233-34 (3d Cir. 2008); Lie, 396 F.3d at 537-38. In those cases, we noted that violence against Chinese Christians has declined and that the Indonesian government had taken steps to promote religious and ethnic tolerance. See Wong, 539 F.3d at 234; Lie, 396 F.3d at 537. In this case, the IJ and BIA noted that the 2007 Country Report indicates that discrimination and harassment of ethnic Chinese continues to decline and that governmental reforms have increased religious and cultural freedoms. (A.R. 62, 107.) We do note that Sutjipto's experts describe instances of discrimination, harassment, and violence against ethnic Chinese Indonesians and religious minorities. However, based on our independent review of the record, we cannot conclude that substantial evidence compels a conclusion that there is a pattern or practice of persecution of ethnic Chinese persons in Indonesia.

Sutjipto takes issue with the IJ's and BIA's reliance on Wong and Lie, because the

4

petitioners in those cases were Christians, not Buddhists. The 2007 Country Report speaks generally of the ethnic Chinese minority in Indonesia and notes certain problems facing religious minorities (A.R. 98-100, 107), as does one of Sutjipto's own experts (A.R. 128-152). The other expert specifically discusses Chinese Christians and makes no mention of Buddhists. (A.R. 161-163.) Sutjipto did not present any evidence that was specific to Buddhists, focuses his argument mainly on his Chinese ethnicity, and argues only generally that he faces a risk of harm due to his status as a religious minority in a Muslim country. Accordingly, we find that consideration of Wong and Lie is appropriate.

IV.

For the foregoing reasons, we will deny the petition for review.